UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE BECERRA-GONZALEZ,<br><br>                      Petitioner,<br><br>v.<br><br>PATRICK DIVVER, et al.,<br><br>                      Respondents. | Case No.:  26-CV-1997 JLS (DEB)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Noe Becerra-Gonzalez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4). Petitioner did not file a traverse.  *See generally* Docket.  For the reasons set forth below, the Court **DENIES** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner Noe Becerra-Gonzalez, a citizen of Mexico and lawful permanent resident of the United States, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since March 1, 2026, when he was returning to the United Stated through the Andrade Port of Entry and was detained by immigration officials.  Pet.

¶ 21.   Petitioner was previously convicted of a felony for the importation of methamphetamine and sentenced to twenty-seven months of imprisonment.  Ret. at 2. Therefore, Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1226(c).

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I.   Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioners' claims arise from the decision to commence removal proceedings. Ret. at 3.  The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).  Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 996 (9th Cir. 2025) (quoting *Reno v.*

*American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)).  Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at 997.  Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order.  Rather, Petitioner is challenging his detention without a bond hearing.  Pet. at 1.  Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025).  Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II.    Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

3

The Court finds that Petitioner has not established he is entitled to a bond hearing. Petitioner has been in custody for under two months, having been detained on March 1, 2026.  Pet. ¶ 21.  The Court agrees with Respondents that this length of detention falls short of the length that weighs in favor of granting a bond hearing.  Ret. at 6; *cf. Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.").  As the length of detention is the most important factor, *see Rash v. LaRose*, No. 26CV0008-LL-DEB, 2026 WL 249324, at *4 (S.D. Cal. Jan. 30, 2026), the Court finds that due process concerns do not require ordering a bond hearing at this stage.

## CONCLUSION

In light of the foregoing, the Court **DENIES** the Petition for Writ of Habeas Corpus (ECF No. 1) **WITHOUT PREJUDICE**.  Petitioner may file a new petition should his detention become unreasonably prolonged.  As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  April 15, 2026

Hon. Janis L. Sammartino
United States District Judge

4

26-CV-1997 JLS (DEB)